UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
STEPHEN FERRARO,

    Plaintiff,

v.

RAMAPO CENTRAL SCHOOL DISTRICT
and JAMES SMITH,

    Defendants.
------------------------------------------------------------x

**OPINION AND ORDER**

17 CV 2039 (VB)

Briccetti, J.:

  Plaintiff Stephen Ferraro brings this action alleging defendants Ramapo Central School District (the "District") and James Smith violated his rights under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, the Family Medical Leave Act ("FMLA"), and the New York State Human Rights Law ("NYSHRL").

  Now pending is defendants' partial motion to dismiss the amended complaint pursuant to Rules 12(b)(1) and 12(b)(6). (Doc. #20). Specifically, defendants seek dismissal of all of plaintiff's state law claims as well as all claims against defendant Smith.

  For the following reasons, the motion is GRANTED.

  The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1367.

## BACKGROUND

  In deciding the pending motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor.

1

On December 9, 2013, plaintiff began working for the District as a substitute custodian. Although he was a substitute custodian, plaintiff was expected to come to work every day, and to work overtime as needed.

Plaintiff is a Type I diabetic. Due to his diabetes, plaintiff missed work on approximately twenty-two days between 2014 and 2015. Each time he was absent, he provided defendants with a medical note. When plaintiff sought days off from work, his supervisor, defendant Smith, "expressed hostility toward [plaintiff's] medical needs" and assigned plaintiff "an exceptionally large workload." (Am. Compl. ¶ 17).

According to plaintiff, he applied for full time custodian positions on three occasions between 2014 and 2015, and was rejected each time. In August 2014, Smith rejected plaintiff from one such position, and told him had a "great work ethic" but an "attendance problem." (Am. Compl. ¶ 18). Plaintiff told Smith he missed work for medical reasons, to which Smith replied, "'I don't care. You're not being appointed because of your attendance.'" (Id.)

On September 30, 2015, plaintiff wrote to "supervisor" Roy Bellser, human resources employee Jamie Muller, Assistant Superintendent Kelly Siebert, Superintendent Stephen Walker, and Smith. (Am. Compl. ¶ 19). Plaintiff said he believed he was being discriminated against in violation of the ADA, and he wanted to be considered for a full time custodial position.

In October 2015, plaintiff required hand surgery related to his diabetes. Smith told plaintiff to schedule the surgery over the Thanksgiving holiday, so he would not miss any time from work. In the same conversation, Smith also told plaintiff he was not appointed to the full time custodian positions he applied for because of his poor attendance, and the District was considering terminating his employment.

On November 3, 2015, in anticipation of his upcoming hand surgery, plaintiff sent defendants a written request for medical leave under the FMLA. Defendants did not respond.

Between November 24, 2015, and December 11, 2015, plaintiff was recovering from his hand surgery, and was unable to work.

In the meantime, on December 2, 2015, the District terminated plaintiff's employment. The termination letter, signed by Superintendent Walker, stated plaintiff was terminated due to his "'lack of . . . ability to provide a continuity of services.'" (Am. Compl. ¶ 25). Plaintiff did not receive the letter because it was sent to the wrong address.

On December 9, 2015, plaintiff faxed defendants a doctor's note stating he would return to work on December 11, 2015, and left Smith a voicemail message to the same effect. The following day, Smith called plaintiff and informed him the District had terminated his employment.

On December 21, 2015, plaintiff filed a charge of discrimination with the New York State Division of Human Rights ("DHR"), and the Equal Employment Opportunity Commission ("EEOC"). The charge included allegations substantially similar to those currently before the Court, and named as respondents the District, James Smith, and Superintendent Walker.

On March 7, 2017, plaintiff received a right to sue letter from the EEOC. On March 21, 2017, he commenced this action.

On April 14, 2017, defendants moved to dismiss the complaint. (Doc. #10). The Court sua sponte granted plaintiff leave to amend (Doc. #14), and on May 4, 2017, plaintiff filed an amended complaint. (Doc. #17). The instant motion was filed May 10, 2017. (Doc. #20).

3

# DISCUSSION

I. Rule 12(b)(6) Standard of Review

In deciding a Rule 12(b)(6)[1] motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

II. Timeliness of Plaintiff's Complaint

Defendants argue plaintiff's claims under the NYSHRL are time-barred and must be dismissed.

The Court agrees.

---

[1] Defendants purportedly move to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). Defendants' brief, however, recites a standard of review applicable only to a Rule 12(b)(6) motion, and fails to explain why defendants challenge the Court's subject matter jurisdiction.

4

The New York Education Law provides for a one-year statute of limitations for discrimination claims against schools, school districts, and boards of education. N.Y. Educ. Law § 3813(2-b) ("no action or special proceeding shall be commenced against any entity specified in subdivision one of this section more than one year after the cause of action arose"); accord Amorosi v. S. Colonie Indep. Cent. Sch. Dist., 9 N.Y.3d 367, 373 (2007) (the "unambiguous language" of Education Law § 3813(2-b) demonstrates that one-year statute of limitations governs discrimination claims against a school district).

"[A]n employment discrimination claim accrues on the date that an adverse employment determination is made and communicated to plaintiff." Pinder v. City of New York, 49 A.D.3d 280, 281 (1st Dep't 2008). Accordingly, plaintiff's claim accrued on December 10, 2015, when he was notified of his termination. Plaintiff commenced this action on March 21, 2017, more than one year later.

### A. Tolling During the Pendency of an EEOC Charge

Plaintiff argues the statute of limitations on his NYSHRL claims began to run on March 7, 2017, when he received a right to sue letter from the EEOC, and his claim was timely filed within one year of that date.

The Court disagrees.

While courts are divided regarding whether the statute of limitations is tolled during the pendency of an EEOC complaint, the weight of the authority suggests that NYSHRL claims brought against school districts and boards pursuant to Education Law § 3813(2–b) are not tolled during that time. See Rajcoomar v. Bd. Of Educ., 2017 WL 980616, at *9 (S.D.N.Y. Mar. 13, 2017); Cincotta v. Hempstead Union Free Sch. Dist., 2016 WL 4536873, at *18 (E.D.N.Y. Aug. 30, 2016) ("[A]lthough the Second Circuit appears not to have directly addressed the issue, most

lower courts have held that claims against school districts and school officers are not tolled by filings with the EEOC.") (collecting cases); Smith v. Tuckahoe Union Free Sch. Dist., 2009 WL 3170302, at *11 (S.D.N.Y. Sept. 30, 2009) ("Even if [plaintiff] had not waived the argument that his EEOC charge tolled the statute of limitations set forth in Education Law § 3813(2–b), this Court would not be inclined in light of Amorosi and the clear intent of the New York legislature to limit lawsuits against school districts—to read such a provision into the statute."); but see Riccardo v. N.Y.C. Dep't of Educ., 2016 WL 7106048, at *6 (S.D.N.Y. Dec. 2, 2016), R. & R. adopted sub nom. United States v. N.Y.C. Dep't of Educ., 2017 WL 57854 (S.D.N.Y. Jan. 4, 2017).

Thus, plaintiff's EEOC complaint did not toll the statute of limitations for his NYSHRL claims against defendants.

B. Tolling During the Pendency of a DHR Complaint

Plaintiff further argues the statute of limitations on his state law claims was tolled by his filing with the DHR.

There is case law to suggest that filing a complaint with the DHR may toll the statute of limitations under the NYSHRL. See, e.g., Rajcoomar v. Bd. of Educ., 2017 WL 980616, at *9 (S.D.N.Y. Mar. 13, 2017) (citing Penman v. Pan Am. Airways, 69 N.Y.2d 989, 990 (1987)); United States v. N.Y.C. Dep't of Educ., 2017 WL 435940, at *7 (S.D.N.Y. Jan. 31, 2017), R. & R. adopted, 2017 WL 1319695 (S.D.N.Y. Apr. 4, 2017); Field v. Tonawanda City Sch. Dist., 604 F. Supp. 2d 544, 577–78 (W.D.N.Y. 2009).

However, "Education Law Section 3813(1) explicitly forecloses prosecution or maintenance of any action against a school district or officer thereof unless the complaint

affirmatively alleges facts establishing timeliness." United States v. N.Y.C. Dep't of Educ., 2017 WL 57854, at *1 (emphasis added).

Here, the amended complaint fails to affirmatively allege facts establishing timeliness. Despite having been given the opportunity to amend his complaint, in part to address the statute of limitations argument raised in defendants' first motion to dismiss, plaintiff's only allegation regarding his DHR charge is: "the statute of limitations governing Plaintiff's state law claim was tolled when Plaintiff dual-filed the [DHR] charge." (Am. Compl. ¶ 9). Plaintiff fails to allege any facts that would allow the Court to assess when tolling concluded, if it has concluded, thereby making it impossible for the Court to determine that plaintiff's claims were timely brought within one year of the termination of any tolling.

Accordingly, plaintiff has not affirmatively alleged his NYSHRL claims are timely.

Plaintiff's claims under the NYSHRL thus are barred by the one-year statute of limitations, and must be dismissed.[2]

III. Claims Against Smith

Defendants argue plaintiff cannot maintain a NYSHRL claim against Smith as an aider and abettor because, inter alia, plaintiff has not sufficiently alleged a primary violation by the District.[3]

---

[2] Because the Court concludes plaintiff has failed to allege his NYSHRL claims are timely, the Court need not address defendants' argument that plaintiff failed to comply with the notice of claim requirement of N.Y. Educ. Law § 3813. Nevertheless, the Court notes the parties' failure to cite recent case law from this district finding that "the plain language of Section 3813(1) . . . does not (unlike Section 3813(2)) require a formal notice of claim." Berrie v. Bd. of Educ. of Port Chester-Rye Union Free Sch. Dist., 2017 WL 2374363, at *8 (S.D.N.Y. May 31, 2017).

[3] Plaintiff is not pursuing claims against Smith under the ADA, FMLA, or Rehabilitation Act. (Opp'n at 1).

Under N.Y. Exec. Law § 296(6), it is an "unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this [provision], or to attempt to do so." However, aider and abettor liability may only be found where a primary violation has been established. Mazyck v. Metro. Transp. Auth., 893 F. Supp. 2d 574, 597 (S.D.N.Y. 2012).

Because plaintiff's NYSHRL claims against the District must be dismissed as untimely, there is no primary violation for Smith to have aided and abetted.

Accordingly, plaintiff's NYSHRL claims against Smith must be dismissed.

## CONCLUSION

Defendants' partial motion to dismiss is GRANTED.

The Clerk is instructed to terminate the pending motion. (Doc. #20).

The Clerk is further instructed to terminate as moot defendants' motion to dismiss plaintiff's original complaint. (Doc. #10).

Dated: December 11, 2017
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge